# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**Civil Action No.**

**JOBADIAH WEEKS, an individual and Colorado citizen,**

    Plaintiff,

vs.

**STEVEN M. SNYDER, an individual and Florida citizen, and AFS-TT, LLC, a Florida limited liability company.**

    Defendants.

---

## COMPLAINT

---

Plaintiff Jobadiah Weeks ("Plaintiff" or "Weeks"), through his attorneys, The Rodman Law Group, LLC, hereby submits his Complaint against Defendants Steven M. Snyder ("Snyder") and AFS-TT, LLC ("AFS," and together with Snyder, "Defendants") as follows:

### I. PARTIES

1. Weeks is a citizen of Colorado and resides in Summit County, Colorado.

2. Snyder is a citizen of Florida and resides in Hernando County, Florida.

3. AFS is a Florida limited liability company formed and solely owned by Snyder, with a principal place of business of 8958 Hernando Way, Weeki Wachee, located in Hernando County, Florida.

## II. JURISDICTION AND VENUE

4. This case involves the recovery of monies and in-kind contributions provided by Weeks to Snyder for a prospective business venture.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000.00. Plaintiff and Defendants are citizens of different states, and Plaintiff's claims relate to his providing funds and in-kind contributions of over $310,000 to Defendants.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this case occurred in Colorado. Weeks is a Colorado citizen and conducts his business activities from Colorado. The business venture contemplated by the parties involved, in part, the processing and packaging of crops grown on Weeks' ranch in Colorado. Additionally, all communications from Snyder related to the matters involved in this case were directed to Weeks in Colorado.

## III. FACTUAL ALLEGATIONS

7. In October 2017, Weeks and Snyder initiated discussions concerning the purchase of various "softgel encapsulation" equipment and materials to manufacture sofgel nutritional supplements as part of a business venture between Weeks and Snyder.

8. An agreement was ultimately reached between Weeks and Snyder that Weeks would provide the funds and in-kind contributions for softgel encapsulation equipment and other business related expenditures, that the equipment would be shipped to Texas, and that Snyder would periodically travel to Texas to operate the machine as part of the venture (the "Business Agreement"). As part of the Business Agreement, Snyder was to remit 90% of the profits from the business venture to Weeks until Weeks was repaid in full for the purchase price of the equipment

and materials, after which Weeks and Snyder would split future profits 50/50.

9. In late October 2017, Weeks made initial payments totaling $56,200.00 for a JL-250 style softgel encapsulation machine, tumble dryers, and supporting equipment from Wuxi Jangli Machinery Co., Limited, FOB from China (the "Machinery"). **See Exhibit 1**.

10. In March 2018, Snyder advised Weeks that the Machinery had been held up at U.S. Customs and Border Protection ("CBP") and that an additional payment of $13,645.00 to CBP was required to release the Machinery, which Weeks promptly paid.

11. In May 2018, Weeks paid $95,910.63 to New Earth Biosciences for raw materials for use in the business venture which were shipped to Snyder, memorialized in Invoice No. 1071. **See Exhibit 2**.

12. Between August 2018 and December 2018, Weeks provided additional payments to Snyder totaling $57,936.66 for business related expenditures, including rent, the purchase of a work truck, utilities, and raw materials.

13. Ultimately Weeks paid or caused to be paid at least $310,000 to Snyder in reliance on the terms of the Business Agreement.

14. Beginning in March 2019, without explanation and contrary to the terms of the Business Agreement, Snyder ceased responding to any attempts to contact or meet with him.

15. Snyder told Weeks that he would meet him in Tampa, Florida on March 6, 2019 to discuss the status of their business venture. Although Weeks flew to Tampa for the March 6, 2019 meeting, Snyder failed to show up for the scheduled meeting and ignored Weeks' communications.

16. Snyder subsequently offered an excuse for missing the March 6, 2019 meeting and told Weeks that he would meet him in Tampa on March 23, 2019 to discuss the status of the business venture.

17. Weeks again traveled to Tampa for the March 23, 2019 meeting. Although Weeks went to Snyder's home, Snyder hid inside and refused to answer the door. Weeks then went to the location where the business equipment was located to find the equipment gone and that the locks had been changed.

18. As of the date of this filing, and in breach of the Business Agreement, it has been more than 18 months since Snyder took possession of the Machinery and more than three months since any communication has been received from Snyder. Snyder has failed to make payments or provide any accounting to Weeks as required by the Business Agreement. At the same time, Snyder has transferred or otherwise utilized Weeks' funds and in-kind contributions for the benefit of Snyder or Snyder's own business, AFS.

## FIRST CLAIM FOR RELIEF
### (Conversion Against All Defendants)

19. Weeks incorporates the allegations set forth in paragraphs 1 through 18.

20. Improperly, without Weeks' permission or authorization, and contrary to the Business Agreement, Snyder and AFS exercised dominion and/or ownership over Weeks' funds and in-kind contributions for their own benefit and the benefit of third-parties.

21. Pursuant to the terms of the Business Agreement, Snyder has an obligation to utilize Weeks' funds and in-kind contributions for the benefit of Weeks and Snyder's business venture, initially remitting 90% of the profits from the business venture to Weeks.

22. Despite repeated requests and demands, Snyder has refused to comply with the terms of the Business Agreement and instead has utilized Weeks' funds and in-kind contributions for the benefit of Snyder, AFS, and third-parties.

23. As a result of Defendants' actions, Weeks has suffered injuries, damages, and losses.

WHEREFORE, Plaintiff requests the relief set forth below.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract Against Defendant Snyder)

24. Weeks incorporates the allegations set forth in paragraphs 1 through 23.

25. Snyder had a duty to comply with the terms of the Business Agreement with Weeks.

26. Snyder breached this duty when he took control over the funds and in-kind contributions of Weeks for the sole benefit of Snyder, AFS, and third-parties.

27. Snyder's breach of his duties under the Business Agreement has caused Weeks injuries, damages, and losses.

WHEREFORE, Plaintiff requests the relief set forth below.

## THIRD CLAIM FOR RELIEF
### (Quantum Meruit Against Defendant Snyder)

28. Weeks incorporates the allegations set forth in paragraphs 1 through 27.

29. Weeks provided funds and in-kind contributions to Snyder in an amount not less than $310,000, which amount was to be used on a joint business venture.

30. Snyder accepted and benefited from the funds and in-kind contributions provided by Weeks knowing that Weeks expected to be compensated for them out of the business venture.

31. Snyder has been unjustly enriched in an amount not less than $310,000 by retaining Weeks' funds and in-kind contributions without providing Weeks compensation.

WHEREFORE, Plaintiff requests the relief set forth below.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment Against Defendant AFS)

32. Weeks incorporates the allegations set forth in paragraphs 1 through 31.

33. AFS has received the benefit of funds and in-kind contributions at the expense of Weeks in an amount not less than $310,000.

34. AFS has provided nothing in the way of compensation to Weeks for the funds and in-kind contributions it has received the benefit of.

35. AFS has been unjustly enriched by its use and retention of Weeks' funds and in-kind contributions.

WHEREFORE, Plaintiff requests the relief set forth below.

## FIFTH CLAIM FOR RELIEF
### (Accounting Against Snyder)

36. Weeks incorporates the allegations set forth in paragraphs 1 through 35.

37. A legal relationship exists between Weeks and Snyder.

38. Part of the legal relationship between Weeks and Snyder involves the calculation and share of profits realized from the business venture.

39. Snyder has failed to provide any accounting for the business and as a consequence, it is unclear whether Weeks' remedy at law is as full, adequate and expeditious as it would be in equity.

WHEREFORE, Plaintiff Jobadiah Weeks prays for judgment against Defendants Steven M. Snyder and AFS-TT, LLC, jointly and severally, in an amount not less than $310,000, his costs, pre and post judgment interest, a full and complete accounting, his attorneys' fees as may be permitted by law, and such other relief as the court deems proper.

Respectfully submitted this 25th day of July, 2019.

                                                              THE RODMAN LAW GROUP, LLC

                                                              *s/ Nadav Aschner*
                                                              Nadav Aschner
                                                              *Attorneys for Plaintiff Jobadiah Weeks*