IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No. 1:19-cv-02133-LTB

JOBADIAH WEEKS, an individual and Colorado citizen,

    Plaintiff,

vs.

STEVEN M. SNYDER, an individual and Florida citizen, and AFS-TT, LLC, a Florida limited liability company,

    Defendants.

---

**PLAINTIFF'S MOTION TO STRIKE AND FOR ENTRY OF DEFAULT**

---

Plaintiff Jobadiah Weeks ("Plaintiff"), through his attorneys, The Rodman Law Group, LLC, hereby submits his Motion to Strike and for Entry of Default (the "Motion") against Defendants Steven M. Snyder ("Snyder") and AFS-TT, LLC ("AFS," and together with Snyder, "Defendants") and states as follows:

**Certification Pursuant to D.C.COLO.LCivR 7.1(a)**

Counsel for Plaintiff attempted to confer with Defendants about the substance of this Motion via written correspondence received at Defendants' residence and principal place of business on September 3, 2109, but has received no response as of the date of this filing. *See* **Exhibit 1**.

**Motion**

1.    On July 25, 2019, Plaintiff filed his Complaint [Doc. 1] alleging claims against Defendants for conversion, breach of contract, quantum meruit, unjust enrichment, and for an accounting.

1

2. On August 13, 2019, copies of the Complaint and Summonses in a Civil Action were personally served on Defendant Snyder, individually and as Registered Agent of Defendant AFS, at Snyder's residence and AFS's principal place of business, 8958 Hernando Way, Weeki Wachee, Florida. See Returns of Service [Docs. 5 & 6].

3. On August 29, 2019, Snyder mailed a four-sentence letter (the "Letter") to counsel for Plaintiff and to this Court [Doc. 7] stating:

> I, Steven M. Snyder, sole owner of Afs-tt LLC am hereby replying to Civil Action Summons Number 19-cv-2133-LTB-SKC.
>
> I find the information provided in the summons to be unfounded. The attached (Exhibit 1 and 2, or A and B?) invoices are not to my company and do not show any paid monies to my company. Based on this summons I consider a form of harassment, I do not plan to provide any answers as to how my company does business.
>
> Thank You,
> Steven M. Snyder

4. Fed.R.Civ.P. 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of Fed.R.Civ.P. "Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *United States v. Smuggler-Durant Min. Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993). However, striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests. 5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1380 (3d ed. 2011). The decision to grant a motion to strike rests within the sound discretion of the Court. *See Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp.2d 1297, 1303 (D. Colo. 1998).

5. Notwithstanding the foregoing, Defendants' Letter is an insufficient defense to the Complaint. Fed.R.Civ.P. 8(b)(1) requires that, in responding to a pleading, a party must state

in short and plain terms its defense to each claim asserted against it and admit or deny the allegations asserted against it by an opposing party. The defenses must be stated so as to give notice to a claimant, "who can then use the discovery process to investigate more fully the factual basis supporting the defense." *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09–cv–02870–LTB, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010) Defendants' Letter fails to comply with Fed.R.Civ.P. 8(b)(1).

6. Further, Defendant Snyder is not an attorney, and Defendant AFS must be represented by an attorney admitted to the bar of this Court. *See,* D.C.COLO.LAtty 5(b); *Tal v. Hogan*, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court.").

7. The Letter cannot be considered an adequate answer to the Complaint, as it both provides an "insufficient defense" and fails to give Plaintiff adequate notice to investigate Defendants' supposed defenses to the claims against them. Counsel for Plaintiff cautioned Defendants about this in his correspondence to Defendants dated August 30, 2019, stating:

> We are in receipt of your letter dated August 26, 2019, in which you state that you believe "the information provided in the summons to be unfounded." This letter is to alert you that we do not consider your correspondence to be an answer to the Complaint, nor does Mr. Weeks agree with your characterization of the Complaint and supporting documentation. We suggest you immediately consult with an attorney on this matter. We intend to file for default at the applicable time.
>
> Please consider this letter our attempt to confer with you. We have neither a telephone number nor email address for you, so we are sending you this letter as our only means of communication. Please feel free to contact us to provide contact information if you would like to receive more immediate correspondences regarding this case.
>
> You may also reach me directly by email at nadav@therodmanlawgroup.com. Thank you for your prompt attention to this matter.
>
> *See* **Exhibit 1**.

8.      Defendants failed to respond to this correspondence and failed to file an appropriate answer to the Complaint. Consequently, Plaintiff requests that the Court strike Defendants' Letter and direct the Court Clerk to enter default against Defendant Snyder and Defendant AFS.

WHEREFORE, Plaintiff Jobadiah Weeks respectfully requests that this Court enter an Order striking Defendants' Letter and directing this Court's Clerk to enter default against Defendants Steven M. Snyder and AFS-TT, LLC, and such other relief as the Court deems proper.

Respectfully submitted this 2nd day of October, 2019.

>*s/ Nadav Aschner*
>Nadav Aschner, Esq.
>THE RODMAN LAW GROUP, LLC
>600 S. Cherry St., Ste. 835
>Denver, CO 80246
>Ph: 720-663-0558
>Fax: 720-663-0558
>Em: nadav@therodmanlawgroup.com
>*Attorneys for Plaintiff Jobadiah Weeks*

**Certificate of Service**

I hereby certify that I did, this 2nd day of October, 2019, cause to be delivered a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO STRIKE AND FOR ENTRY OF DEFAULT**, via First Class Mail, to:

Steven M. Snyder
8958 Hernando Way
Weeki Wachee, FL 34613

AFS-TT, LLC
Attn: Steven M. Snyder
8958 Hernando Way
Weeki Wachee, FL 34613

*s/ Nadav Aschner*
Nadav Aschner, Esq.
THE RODMAN LAW GROUP, LLC
Original signature on file with
The Rodman Law Group, LLC