IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No. 1:19-cv-02133-DDD-SKC

JOBADIAH WEEKS, an individual and Colorado citizen,

    Plaintiff,

vs.

STEVEN M. SNYDER, an individual and Florida citizen, and AFS-TT, LLC, a Florida limited liability company,

    Defendants.

---

**PLAINTIFF'S SECOND RENEWED MOTION FOR ENTRY OF DEFAULT**

---

Plaintiff Jobadiah Weeks ("Plaintiff"), through his attorneys, The Rodman Law Group, LLC, hereby submits his Second Renewed Motion for Entry of Default (the "Motion") against Defendants Steven M. Snyder ("Snyder") and AFS-TT, LLC ("AFS," and together with Snyder, "Defendants") and states as follows:

### Certification Pursuant to D.C.COLO.LCivR 7.1(a)

Counsel for Plaintiff conferred with Defendant Snyder about the substance of this Motion via phone call on February 18, 2020. Defendants do not object to the relief requested herein.

### Motion

1. On July 25, 2019, Plaintiff filed his Complaint [Doc. 1] alleging claims against Defendants for conversion, breach of contract, quantum meruit, unjust enrichment, and for an accounting.

2. On August 29, 2019, Snyder mailed a four-sentence letter (the "Letter") to

counsel for Plaintiff and to this Court [Doc. 7] stating:

> I, Steven M. Snyder, sole owner of Afs-tt LLC am hereby replying to Civil Action Summons Number 19-cv-2133-LTB-SKC.
>
> I find the information provided in the summons to be unfounded. The attached (Exhibit 1 and 2, or A and B?) invoices are not to my company and do not show any paid monies to my company. Based on this summons I consider a form of harassment, I do not plan to provide any answers as to how my company does business.
>
> Thank You,
> Steven M. Snyder

3.  On October 2, 2019, Plaintiff filed its Motion to Strike and For Entry of Default [Doc. 9], in which Plaintiff argued that Defendants' Letter cannot be considered an adequate answer to the Complaint, as it both provides an "insufficient defense" under Fed.R.Civ.P. 8(b)(1), and fails to give Plaintiff adequate notice to investigate Defendants' supposed defenses to the claims against them. In addition, Plaintiff argued that Defendant Snyder is not an attorney, and Defendant AFS must be represented by an attorney admitted to the bar of this Court. *See,* D.C.COLO.LAtty 5(b); *Tal v. Hogan*, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court.").

4.  On December 10, 2019, the parties attended a status conference before Magistrate Judge S. Kato Crews (the "Status Conference"). Plaintiff's counsel appeared at the Status Conference in person, while Snyder appeared via telephone as a representative for Defendants.

5.  At the Status Conference, Magistrate Judge Crews granted Plaintiff's Motion to Strike and For Entry of Default, in part. Magistrate Judge Crews struck Defendants' Answer, but provided Defendants ample time to consult with the Court's pro-se clinic and properly respond to Plaintiff's Complaint. Magistrate Judge Crews did not enter default. [Doc. 16].

6. Magistrate Judge Crews also ordered that: (i) Defendant AFS must be represented by counsel; (ii) Defendants had until December 31, 2019, to file a motion to appoint counsel; and (iii) Defendants had until February 10, 2020 to file an Answer that complies with the Federal Rules of Civil Procedure. [Doc. 16].

7. Defendants have missed each of these deadlines and failed to comply with Magistrate Judge Crews' Order to file an appropriate answer to the Complaint. Defendants have not filed any notice with the Court and have not made any effort to confer with undersigned counsel regarding representation of Defendant AFS.

8. On February 18, 2020, Plaintiff filed its Renewed Motion for Entry of Default [Doc. 19].

9. On May 13, 2020, the Court issued an order denying Plaintiff's Renewed Motion for Entry of Default without prejudice, requesting Plaintiff to file an affidavit with its motion.

10. Accordingly, Plaintiff files its Second Renewed Motion for Entry of Default with an affidavit from undersigned counsel and a copy of each Return of Service previously filed with this Court [Docs 5 & 6].

WHEREFORE, Plaintiff Jobadiah Weeks respectfully requests that this Court enter an Order directing this Court's Clerk to enter default against Defendants Steven M. Snyder and AFS-TT, LLC, and such other relief as the Court deems proper.

Respectfully submitted this 28th day of May, 2020.

*s/ Nadav Aschner*
Nadav Aschner, Esq.
THE RODMAN LAW GROUP, LLC
600 S. Cherry St., Ste. 835
Denver, CO 80246
Ph: 720-663-0558
Fax: 720-663-0558
Em: nadav@therodmanlawgroup.com
*Attorneys for Plaintiff Jobadiah Weeks*

**Certificate of Service**

I hereby certify that I did, this 28th day of May, 2020, cause to be delivered a true and correct copy of the foregoing **PLAINTIFF'S SECOND RENEWED MOTION FOR ENTRY OF DEFAULT**, via First Class Mail, to:

Steven M. Snyder
8958 Hernando Way
Weeki Wachee, FL 34613

AFS-TT, LLC
Attn: Steven M. Snyder
8958 Hernando Way
Weeki Wachee, FL 34613

                                       *s/ Nadav Aschner*
                                       Nadav Aschner, Esq.
                                       THE RODMAN LAW GROUP, LLC
                                       Original signature on file with
                                       The Rodman Law Group, LLC