## VERIFIED RETURN OF SERVICE

UNITED STATES DISTRICT COURT
For the District of Colorado

**CASE NO. 19-cv-2133-LTB-SKC**

JOBADIAH WEEKS, an individual and Colorado citizen
    Plaintiff(s),
vs.
STEVEN M. SNYDER, and individual and Florida citizen, and AFS-TT, LLC, a Florida limited liability company
    Defendant(s).

For:    The Rodman Law Group, LLC
Attorneys for Plaintiff
Attention: Nadav Aschner
600 South Cherry Street, Suite 835
Denver, CO 80246

**RECEIVED** by **INTEGRITY PROCESS SERVICE, LLC**, on the 9th day of August, 2019 at 5:29 p.m. to be served on AFS-TT, LLC, 8958 Hernando Way, Weeki Wachee, FL 34613.

I, **CHRISTINA WILLIAMS**, do hereby affirm that on this **13th** day of **August, 2019**, at **6:34 p.m.**, I served by:

**SUBSTITUTE SERVICE** by delivering a true copy of the Summons in a Civil Action, Proof of Service, Civil Cover Sheet, Compliant with Exhibits with the date and hour endorsed thereon by me, to: **JANE DOE**, on behalf of **AFS, TT, LLC**, who resides at the following address: 8958 Hernando Way, Weeki Wachee, FL. 34613, in accordance with state statutes.

**Additional Information pertaining to this service:** Jane Doe was called "Christine" by gentleman who answered the door.

**Description of person served:** Age: 50, Sex: F, Race/Skin Color: White, Height 5'4" Weight N/A. Hair: brown/Grey, Glasses: N

I certify that I am over the age of 18 and have no interest in the above action and meet all requirements set forth in Florida Statute 48.29 for the Certification of Process Servers No Notary Required Pursuant to F.S. 95.525 (2)

Process Server I.D. No.: 10518-21

Integrity Process Service LLC
6252 Commercial Way # 145
Weeki Wachee, FL. 34613

Case 1:19-cv-02133-LTB   Document 4   Filed 07/25/19   USDC Colorado   Page 1 of 2

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| JOBADIAH WEEKS, an individual and Colorado citizen<br><br>*Plaintiff(s)*<br>v.<br>STEVEN M. SNYDER, an individual and Florida citizen, and AFS-TT, LLC, a Florida limited liability company<br><br>*Defendant(s)* | Civil Action No. 19-cv-2133-LTB-SKC |

DATE SERVED: 5/13/19
TIME SERVED: [illegible] am/pm
CPS: CFW
MARRIED: Y / N     I.D. No.: 10518-21
MILITARY: Y / N

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Steven M. Snyder
8958 Hernando Way
Weeki Wachee, FL 34613

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   The Rodman Law Group, LLC
Attorneys for Plaintiff
Attention: Nadav Aschner
600 South Cherry Street, Suite 835
Denver, CO 80246

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



CLERK OF COURT

Date: _____07/25/2019_____                                           _____s/C. Madrid_____
                                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 19-cv-2133-LTB-SKC

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* __Steven M. Snyder__
was received by me on *(date)* __08-09-2019__.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☒ I left the summons at the individual's residence or usual place of abode with *(name)* __Jane Doe__
_____ , a person of suitable age and discretion who resides there,
on *(date)* __8/13/19__ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ __40.00__ for services, for a total of $ __40.00__ .

I declare under penalty of perjury that this information is true.

Date: __8/13/19__

_____
*Server's signature*

__Christina Williams / owner__
*Printed name and title*   BN0: 1058.21

__6252 Commercial Way #145__
*Server's address*
__Weeki Wachee FL, 34613__

Additional information regarding attempted service, etc:

JS 44 (Rev. 06/17)   District of Colorado

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOBADIAH WEEKS

**(b)** County of Residence of First Listed Plaintiff   Summit County, Colorado
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nadav Aschner, Esq.; The Rodman Law Group, LLC; 600 South Cherry Street, Suite 835, Denver, CO 80246; (720) 663-0558

## DEFENDANTS
STEVE M. SNYDER and AFS-TT, LLC

County of Residence of First Listed Defendant   Hernando County, Florida
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. s 1332
Brief description of cause:
Diversity Jurisdiction - Breach of Contract

☐ AP Docket

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $   310,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   07/25/2019
SIGNATURE OF ATTORNEY OF RECORD   */s/ Nadav Aschner/*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No.

JOBADIAH WEEKS, an individual and Colorado citizen,

    Plaintiff,

vs.

STEVEN M. SNYDER, an individual and Florida citizen, and AFS-TT, LLC, a Florida limited liability company.

    Defendants.

## COMPLAINT

Plaintiff Jobadiah Weeks ("Plaintiff" or "Weeks"), through his attorneys, The Rodman Law Group, LLC, hereby submits his Complaint against Defendants Steven M. Snyder ("Snyder") and AFS-TT, LLC ("AFS," and together with Snyder, "Defendants") as follows:

### I. PARTIES

1.     Weeks is a citizen of Colorado and resides in Summit County, Colorado.

2.     Snyder is a citizen of Florida and resides in Hernando County, Florida.

3.     AFS is a Florida limited liability company formed and solely owned by Snyder, with a principal place of business of 8958 Hernando Way, Weeki Wachee, located in Hernando County, Florida.

## II. JURISDICTION AND VENUE

4. This case involves the recovery of monies and in-kind contributions provided by Weeks to Snyder for a prospective business venture.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000.00. Plaintiff and Defendants are citizens of different states, and Plaintiff's claims relate to his providing funds and in-kind contributions of over $310,000 to Defendants.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this case occurred in Colorado. Weeks is a Colorado citizen and conducts his business activities from Colorado. The business venture contemplated by the parties involved, in part, the processing and packaging of crops grown on Weeks' ranch in Colorado. Additionally, all communications from Snyder related to the matters involved in this case were directed to Weeks in Colorado.

## III. FACTUAL ALLEGATIONS

7. In October 2017, Weeks and Snyder initiated discussions concerning the purchase of various "softgel encapsulation" equipment and materials to manufacture sofgel nutritional supplements as part of a business venture between Weeks and Snyder.

8. An agreement was ultimately reached between Weeks and Snyder that Weeks would provide the funds and in-kind contributions for softgel encapsulation equipment and other business related expenditures, that the equipment would be shipped to Texas, and that Snyder would periodically travel to Texas to operate the machine as part of the venture (the "Business Agreement"). As part of the Business Agreement, Snyder was to remit 90% of the profits from the business venture to Weeks until Weeks was repaid in full for the purchase price of the equipment

and materials, after which Weeks and Snyder would split future profits 50/50.

9. In late October 2017, Weeks made initial payments totaling $56,200.00 for a JL-250 style softgel encapsulation machine, tumble dryers, and supporting equipment from Wuxi Jangli Machinery Co., Limited, FOB from China (the "Machinery"). **See Exhibit 1.**

10. In March 2018, Snyder advised Weeks that the Machinery had been held up at U.S. Customs and Border Protection ("CBP") and that an additional payment of $13,645.00 to CBP was required to release the Machinery, which Weeks promptly paid.

11. In May 2018, Weeks paid $95,910.63 to New Earth Biosciences for raw materials for use in the business venture which were shipped to Snyder, memorialized in Invoice No. 1071. **See Exhibit 2**.

12. Between August 2018 and December 2018, Weeks provided additional payments to Snyder totaling $57,936.66 for business related expenditures, including rent, the purchase of a work truck, utilities, and raw materials.

13. Ultimately Weeks paid or caused to be paid at least $310,000 to Snyder in reliance on the terms of the Business Agreement.

14. Beginning in March 2019, without explanation and contrary to the terms of the Business Agreement, Snyder ceased responding to any attempts to contact or meet with him.

15. Snyder told Weeks that he would meet him in Tampa, Florida on March 6, 2019 to discuss the status of their business venture. Although Weeks flew to Tampa for the March 6, 2019 meeting, Snyder failed to show up for the scheduled meeting and ignored Weeks' communications.

16. Snyder subsequently offered an excuse for missing the March 6, 2019 meeting and told Weeks that he would meet him in Tampa on March 23, 2019 to discuss the status of the business venture.

17. Weeks again traveled to Tampa for the March 23, 2019 meeting. Although Weeks went to Snyder's home, Snyder hid inside and refused to answer the door. Weeks then went to the location where the business equipment was located to find the equipment gone and that the locks had been changed.

18. As of the date of this filing, and in breach of the Business Agreement, it has been more than 18 months since Snyder took possession of the Machinery and more than three months since any communication has been received from Snyder. Snyder has failed to make payments or provide any accounting to Weeks as required by the Business Agreement. At the same time, Snyder has transferred or otherwise utilized Weeks' funds and in-kind contributions for the benefit of Snyder or Snyder's own business, AFS.

## FIRST CLAIM FOR RELIEF
### (Conversion Against All Defendants)

19. Weeks incorporates the allegations set forth in paragraphs 1 through 18.

20. Improperly, without Weeks' permission or authorization, and contrary to the Business Agreement, Snyder and AFS exercised dominion and/or ownership over Weeks' funds and in-kind contributions for their own benefit and the benefit of third-parties.

21. Pursuant to the terms of the Business Agreement, Snyder has an obligation to utilize Weeks' funds and in-kind contributions for the benefit of Weeks and Snyder's business venture, initially remitting 90% of the profits from the business venture to Weeks.

22. Despite repeated requests and demands, Snyder has refused to comply with the terms of the Business Agreement and instead has utilized Weeks' funds and in-kind contributions for the benefit of Snyder, AFS, and third-parties.

23. As a result of Defendants' actions, Weeks has suffered injuries, damages, and losses.

WHEREFORE, Plaintiff requests the relief set forth below.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract Against Defendant Snyder)

24. Weeks incorporates the allegations set forth in paragraphs 1 through 23.

25. Snyder had a duty to comply with the terms of the Business Agreement with Weeks.

26. Snyder breached this duty when he took control over the funds and in-kind contributions of Weeks for the sole benefit of Snyder, AFS, and third-parties.

27. Snyder's breach of his duties under the Business Agreement has caused Weeks injuries, damages, and losses.

WHEREFORE, Plaintiff requests the relief set forth below.

## THIRD CLAIM FOR RELIEF
### (Quantum Meruit Against Defendant Snyder)

28. Weeks incorporates the allegations set forth in paragraphs 1 through 27.

29. Weeks provided funds and in-kind contributions to Snyder in an amount not less than $310,000, which amount was to be used on a joint business venture.

30. Snyder accepted and benefited from the funds and in-kind contributions provided by Weeks knowing that Weeks expected to be compensated for them out of the business venture.

31. Snyder has been unjustly enriched in an amount not less than $310,000 by retaining Weeks' funds and in-kind contributions without providing Weeks compensation.

WHEREFORE, Plaintiff requests the relief set forth below.

### FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment Against Defendant AFS)

32. Weeks incorporates the allegations set forth in paragraphs 1 through 31.

33. AFS has received the benefit of funds and in-kind contributions at the expense of Weeks in an amount not less than $310,000.

34. AFS has provided nothing in the way of compensation to Weeks for the funds and in-kind contributions it has received the benefit of.

35. AFS has been unjustly enriched by its use and retention of Weeks' funds and in-kind contributions.

WHEREFORE, Plaintiff requests the relief set forth below.

### FIFTH CLAIM FOR RELIEF
### (Accounting Against Snyder)

36. Weeks incorporates the allegations set forth in paragraphs 1 through 35.

37. A legal relationship exists between Weeks and Snyder.

38. Part of the legal relationship between Weeks and Snyder involves the calculation and share of profits realized from the business venture.

39. Snyder has failed to provide any accounting for the business and as a consequence, it is unclear whether Weeks' remedy at law is as full, adequate and expeditious as it would be in equity.

WHEREFORE, Plaintiff Jobadiah Weeks prays for judgment against Defendants Steven M. Snyder and AFS-TT, LLC, jointly and severally, in an amount not less than $310,000, his costs, pre and post judgment interest, a full and complete accounting, his attorneys' fees as may be permitted by law, and such other relief as the court deems proper.

Respectfully submitted this 25th day of July, 2019.

THE RODMAN LAW GROUP, LLC


*s/ Nadav Aschner*
Nadav Aschner
*Attorneys for Plaintiff Jobadiah Weeks*

# 无锡市派尔乐机械设备有限公司
## WUXI JANGLI MACHINERY CO.,LIMITED

Room 1203, 1#, B District, NO.99 Jinxi Road Binhu District, Wuxi, Jiangsu PRC.

Tel: +86 13771014946

## PROFORMA INVOICE

| TO: | Joby Weeks | | | INVOICE NO. | |
| --- | --- | --- | --- | --- | --- |
| TEL: | | | | DATE: | |
| No. | Name | Style | Quantity | Unit Price (USD) | |
| 1 | Softgel encapsulation machine | JL-250 | 1 set | Balance due as of October 31, 2017 | |
| 2 | Tumble Dryer (dia.600x900mm) | | 4 baskets | | |
| 3 | Softgel encapsulation machine supporting equipment | | 1 set | | |
| | | | | TOTAL: FOB CHINA | |

TOTAL AMONUT: SAY US DOLLARS SEVENTY EIGHT THOUSAND TWO HUNDRED ONLY.

PAYMENT TERMS: TT 30% AS DEPOSIT, FULL PAYMENT BEFORE SHIPMENT

SPECIFICATION ACCORDING TO ATTACHMENT

| BANK INFORMATION: | |
| --- | --- |
| SWIFT BIC | BKCHCNBJ95C |
| BENEFICIARY'S BANK | BANK OF CHINA WUXI BRANCH |
| BANK ADDRESS | No.258, Road ZhongShan, Wuxi, Jiangsu PRC, China |
| COUNTRY | CHINA |
| ACCOUNT NUMBER | 532669615741 |
| NAME | Wuxi Jangli Machinery Co.,ltd |

| | |
|---|---|
| JLXS-17-043 | |
| 10/24/17 | |
| Total (USD) | |
| $56,200.00 USD | |
| | |
| $56,200.00 USD | |

EXHIBIT A

**From:** "New Earth Biosciences" <quickbooks@notification.intuit.com>
**Subject: Invoice 1071 from New Earth Biosciences**
**Date:** May 2, 2018 at 3:18:02 AM GMT+8
**To:** afs.tt.llc@gmail.com, jobyweeks@gmail.com, sean@nebiosciences.com, julian@nebiosciences.com
**Reply-To:** sales@nebiosciences.com



New Earth Biosciences

Dear Steve Snyder,

Here's your invoice! We appreciate your prompt payment. Any questions please call 914-661-1018

Thanks for your business!
New Earth Biosciences

INVOICE 1071 DETAILS

DUE 04/25/2018

# $95,910.63

Review and pay

Powered by QuickBooks

**EXHIBIT B**

**Bill to**  Steve Snyder
Afs TT
8958 Hernando Way
Weeki Wachee, FL 34613

**Ship to**  Steve Snyder
Afs TT
8958 Hernando Way
Weeki Wachee, FL 34613

**Terms**  Due on receipt

| | |
|---|---|
| **Distillation:Stage 2 Non Decerbed Distillate**<br>Stage 2 Full spectrum Distillate 6250000 mg<br>6,250,000 X $0.01 | $87,500.00 |
| **Decarbox Oil:Decarboxylation**<br>Decerboxylation of 8.875kg<br>8.875 X $60.00 | $532.50 |
| **Testing:COA Potency Testing Pro Verde**<br>Potency Testing<br>2 X $125.00 | $250.00 |
| **Cutting Agents:Hemp Seed Oil**<br>Organic Hemp Seed Oil (Top Grade) 118.75L<br>118.75 X $22.50 | $2,671.88 |
| **Lab Service:homogenization**<br>Homogenization of oil to produce a stable form.<br>118.75 X $75.00 | $8,906.25 |
| **Packaging:Packaging (Genreal)**<br>Eagle HDPE Drum | $300.00 |

**EXHIBIT B**

4 X $75.00

|  |  |
|---|---|
| Subtotal | $100,160.63 |
| Discount | $ -5,000.00 |
| Shipping | $750.00 |
| Total | $95,910.63 |
| Balance due | $95,910.63 |

Thank you for your business, have a great day.

Make Wire or Checks Payable To:

New Tera Biosciences

50% Deposit Due Prior To Formulation

Chase
New Tera Biosciences
Account number: 830881798
Wire transfer Routing: 021000021

Review and pay

New Earth Biosciences

2800 Pringle Road SE Unit # 160 Salem, OR 97302 US

(503)967-5013    sales@nebiosciences.com



© Intuit, Inc. All rights reserved.    Privacy | Security | Terms of Service

**EXHIBIT B**