IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No. 1:19-cv-02133-DDD-SKC

JOBADIAH WEEKS, an individual and Colorado citizen,

   Plaintiff,

vs.

STEVEN M. SNYDER, an individual and Florida citizen, and AFS-TT, LLC, a Florida limited liability company,

   Defendants.

---

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

---

Plaintiff Jobadiah Weeks ("Plaintiff"), through his attorneys, The Rodman Law Group, LLC, hereby submits his Motion for Entry of Default Judgment (the "Motion") against Defendants Steven M. Snyder ("Snyder") and AFS-TT, LLC ("AFS," and together with Snyder, "Defendants"), as follows:

**Standard of Review**

Federal Rule of Civil Procedure 55(a) states that, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Pursuant to F.R.C.P. 55(b)(1), default judgment may be entered by the clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." In all other cases, "the party must apply to the court for a default judgment." Rule 55(b)(2), Fed.R.Civ.P. "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with

1

interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

A party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the "sound judicial discretion" of the court. *Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008). Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting defendant and subject matter over the action. S*ee Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. Mar. 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment."). In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true. *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

**Procedural History**

On July 25, 2019, Plaintiff filed his Complaint [ECF No. 1] alleging claims against Defendants for conversion, breach of contract, quantum meruit, unjust enrichment, and for an accounting. On August 29, 2019, Snyder mailed a four-sentence letter (the "Letter") to counsel for Plaintiff and to the Court [ECF No. 7], in lieu of filing an answer to the Complaint. On October 9, 2020, Plaintiff moved for entry of default [ECF No. 27]. On October 14, 2020, the Clerk of this

Court filed its Entry of Default as to Defendants AFS-TT, LLC and Steven M. Snyder [ECF No. 29]. Plaintiff now requests the Clerk of this Court enter default judgment against Defendants.

## Analysis

Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit for more than a year after being served, entry of default judgment is appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Rule 55(a), Fed.R.Civ.P. In a variety of contexts, courts have entered default judgments against defendants who have failed to defend the claims against them following proper service of process. *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *Kidd v. Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond within time provided by Rule 12(a)(2)).

In short, while courts do not favor default judgments, they are appropriate when the adversary process has been halted because of an essentially unresponsive party. That is precisely what Defendants have done here. The Court, accordingly, should ensure that it has personal jurisdiction over the defaulting defendants and subject matter over the action, and consider whether the allegations of fact support a judgment on the claims against the defaulting defendants.

I.      The Court Has Jurisdiction Over the Parties and this Action.

First, the Court has subject-matter jurisdiction over this case. District courts have subject-matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a). As set forth in the Complaint, Plaintiff is an individual and citizen of the State of Colorado. [ECF No. 1 ¶ 1]. Defendant Snyder is an individual and citizen of the State of Florida while Defendant AFS-TT, LLC is a Florida limited liability company. [*Id*. ¶¶ 2-3]. The amount in controversy is more than $75,000. [*Id*. ¶ 9-13], as described in both the Complaint and the Affidavit of Jobadiah Sinclair Weeks which accompanies this Motion. Thus, the Court should be satisfied that it has subject-matter jurisdiction over this lawsuit.

Second, the Court has personal jurisdiction over Defendants, and venue lies in this District, as Defendants entered into a business agreement with Plaintiff, which agreement and venture involved, in part, the processing and packaging of crops grown on Plaintiff's property in Colorado. [*Id*. ¶¶ 6-8]. In addition, Defendants were served with a summons and Complaint on August 13, 2019 [ECF No. 5 & 6], and on December 10, 2019, the parties attended a status conference before Magistrate Judge S. Kato Crews (the "Status Conference"). Plaintiff's counsel appeared at the Status Conference in person, while Snyder appeared via telephone as a representative for Defendants. At no point in time did Defendants contest this Court's jurisdiction.

II.     The Allegations of Fact Support a Judgment on the Claims Against the Defaulting Defendants.

The Court must consider the well-pleaded allegations of fact as admitted by the Defendant upon default. *See Fed. Fruit & Produce Co., supra,* at *3. Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an

4

evidentiary hearing" to fix the amount of damages. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Id*. at 1232 n.13.5.

Through this Motion, Plaintiff seeks to recover monies provided to Defendants for the purchase of equipment that was to have been used in a joint business venture, which Defendants have absconded with at Plaintiff's expense. This Motion is supported by an affidavit of Jobadiah Sinclair Weeks, attesting to the amount of damages for which Plaintiff seeks recovery. Plaintiff asserts that Defendants are liable for $380,796.46 paid for the purchase of equipment and related expenses, plus $776.55 in costs, for a total of $381,573.01, exclusive of pre- or post-judgment interest.

In addition, Plaintiff seeks pre-judgment interest on this sum at a rate of 8% per annum. "It is well-established that a federal court sitting in diversity applies state law, not federal law, regarding the issue of pre-judgment interest." *AE, Inc. v. Goodyear Tire & Rubber Co.*, 576 F.3d 1050, 1055 (10th Cir. 2009). Colorado's pre-judgment interest rule is contained in Colo. Rev. Stat. §§ 5-12-100 *et seq*. Here, § 5-12-102(1)(b) controls, such that Plaintiff is entitled to prejudgment interest at the rate of 8% per annum. Plaintiff also seeks an award of post-judgment interest. Plaintiff is statutorily entitled to post-judgment interest on any monetary judgment in a civil case recovered in a district court. *See* 28 U.S.C. § 1961(a). Lastly, Plaintiff seeks collection costs. Federal Rule of Civil Procedure 54(d) provides that costs, other than attorneys' fees, should be awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made upon the filing of a bill of costs.

Pursuant to D.C.COLO.LCivR 55.1, this Motion is further supported by an affidavit of undersigned counsel, representing that Defendants: (i) are not minors or incompetent persons; (ii) are not in the military service, as set forth in the Service members Civil Relief Act, 50 App. U.S.C. § 521, Protection of Service members Against Default Judgments; and (iii) have not made an appearance in this action.

WHEREFORE, Plaintiff Jobadiah Weeks respectfully requests that this Court enter an Order directing this Court's Clerk to enter default judgment in favor of Plaintiff Jobadiah Weeks and against Defendants Steven M. Snyder and AFS-TT, LLC, jointly and severally, in the amount of $381,573.01, pre- and post-judgment interest on such amount, and such other relief as the Court deems proper.

Respectfully submitted this 18th day of January, 2021.

> *s/ Nadav Aschner*
> Nadav Aschner, Esq.
> THE RODMAN LAW GROUP, LLC
> 600 S. Cherry St., Ste. 835
> Denver, CO 80246
> Ph: 720-663-0558
> Fax: 720-663-0558
> Em: nadav@therodmanlawgroup.com
> *Attorneys for Plaintiff Jobadiah Weeks*

## Certificate of Service

I hereby certify that I did, this 18th day of January, 2021, cause to be delivered a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**, via First Class Mail, to:

Steven M. Snyder
8958 Hernando Way
Weeki Wachee, FL 34613

AFS-TT, LLC
Attn: Steven M. Snyder
8958 Hernando Way
Weeki Wachee, FL 34613

           *s/ Nadav Aschner*
           Nadav Aschner, Esq.
           THE RODMAN LAW GROUP, LLC
           Original signature on file with
           The Rodman Law Group, LLC