IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No. 1:19-cv-02133-RMR-SKC

JOBADIAH WEEKS, an individual and Colorado citizen,

    Plaintiff,

vs.

STEVEN M. SNYDER, an individual and Florida citizen, and AFS-TT, LLC, a Florida limited liability company,

    Defendants.

---

**PLAINTIFF'S OBJECTIONS TO RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

Plaintiff Jobadiah Weeks ("Plaintiff"), through his attorneys, The Rodman Law Group, LLC, hereby submits his objections to the Recommendation of United States Magistrate Judge (the "Recommendation") issued on July 6, 2021, as follows:

## INTRODUCTION

On or about January 18, 2021, Plaintiff filed its Motion for Entry of Default Judgment (the "Motion") against Defendants Steven M. Snyder ("Snyder") and AFS-TT, LLC ("AFS," and together with Snyder, "Defendants"). [CM/ECF #30]. On July 6, 2021, United States Magistrate Judge S. Kato Crews ("Magistrate Crews") provided the Recommendation that this Court deny the relief sought in the Motion. [CM/ECF #33].

## STANDARD OF REVIEW

Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). When a magistrate judge issues a recommendation on a dispositive matter,

Rule 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." *Owen v. Medina*, No. 12-CV-0094-WJM-CBS, 2013 WL 1191262, at *1–2 (D. Colo. Mar. 22, 2013); *see also* Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3)

An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th St.,* 73 F.3d 1057, 1059 (10th Cir.1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* (*quoting Thomas v. Arn,* 474 U.S. 140, 147 (1985)).

## ANALYSIS

The Recommendation for denial is predicated on an argument and analysis that the Court does not have personal jurisdiction over Defendants. More specifically, the Recommendation argues that Defendants did not purposefully avail themselves of the forum state, and that Plaintiff's Complaint does not cite specific facts to support that this Court has jurisdiction over Defendants. [CM/ECF #33 at p. 12]. Plaintiff respectfully disagrees. Plaintiff contends that: (i) Plaintiff's Complaint contains sufficient factual allegations to support that this Court has jurisdiction over Defendants; (ii) Defendants forfeited or implicitly waived their rights to contest personal jurisdiction; and (iii) the Court should not, *sua sponte*, determine that it lacks personal jurisdiction over Defendants who have not raised the issue for multiple years.

**A.      Plaintiff's Complaint Contains Sufficient Allegations to Support Personal Jurisdiction.**

2

Pursuant to Federal Rules of Civil Procedure 8(a), a pleading must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a)(1)-(3). This rule "ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests." *Reilly v. Florida*, No. 2:15-CV-14-FTM-38DNF, 2015 WL 3765236, at *2 (M.D. Fla. Jan. 16, 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007)). A plaintiff's obligation to provide the "grounds" of her "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of action's elements. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Here, parts (2) and (3) of the Rule do not appear to serve as the basis for the Recommendation. Rather, the Recommendation argues that Plaintiff provided only "bare-bones" or "sparse" allegations regarding this Court's jurisdiction. [CM/ECF #33 at p. 10]. Plaintiff respectfully disagrees. Plaintiff provided "a short and plain statement" addressing this Court's jurisdiction over this action and Defendants. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See also Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas,* 891 F.2d 1473, 1480 (10th Cir. 1989).

The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Plaintiff did not, nor was Plaintiff required to, recite every fact available to Plaintiff to support that this Court has jurisdiction over Defendants.

Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. *Macharia v. Shinseki*, No. 09-CV-00391-BNB, 2009 WL 579238, at *1 (D. Colo. Mar. 4, 2009) (A general averment that "Article III states that the judicial power of the federal courts extends to all cases and controversies which arise under the Constitution and the federal laws of the United States" does not provide a short and plain statement of the grounds for the Court's jurisdiction.). Fed. R. Civ. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's Complaint provided, in part, that the business venture contemplated by the parties involved the processing and packaging of crops grown on Plaintiff's property in Colorado, and that all communications from Defendants to Plaintiff were directed to Plaintiff in Colorado. [CM/ECF #1 at ¶ 6]. After filing its Complaint, Plaintiff never had an opportunity to share with the Court his additional factual basis to support this Court's jurisdiction, nor did Plaintiff learn of any adverse position or contention concerning personal jurisdiction until the Recommendation, nearly two years after the commencement of the case.

While the Complaint alleges that, "In October 2017, [Plaintiff] and Snyder initiated discussions concerning the purchase of various 'softgel encapsulation' equipment and materials . . . as part of a business venture," the parties first met and discussed the business venture well before 2017. [CM/ECF #1, at ¶ 7]. October 2017 was the first time the parties discussed the purchase of the specific machinery subject to this action, but, perhaps most notably for this Court's adjudication of the Motion, Snyder flew to Colorado in 2015 to meet Plaintiff to generally discuss the business venture referenced in the Complaint. In fact, Plaintiff and Snyder previously engaged in a similar busines venture with a company called Green Fence, LLC ("<u>Green Fence</u>"), a CBD

4

manufacturing company located in Denver, Colorado. The business venture referenced in the Complaint was a direct outgrowth of the Green Fence transaction and could not have taken place without Snyder's presence in Colorado. While in Colorado, Snyder and Plaintiff discussed the business venture referenced in the Complaint, and thereafter, the parties formally negotiated the Business Agreement.[1] Subsequently, Snyder and AFS-TT used Plaintiff's money to purchase cannabidiol (CBD) oil from Colorado, and shipped it to Tampa Bay, FL for processing, utilizing the machinery that Plaintiff also paid for. Plaintiff has additional facts to support personal jurisdiction, and is prepared to brief the Court or engage in an evidentiary hearing to share the same.

### B. Defendants Forfeited Their Rights to Contest Personal Jurisdiction.

Next, Plaintiff Contends that Defendants forfeited any right to contest personal jurisdiction, whether on motion or in a responsive pleading. Forfeiture of a right is different than waiver of a right. Forfeiture is the failure to timely assert a right, whereas waiver is the "intentional relinquishment or abandonment of a known right." *See United States v. Olano*, 507 U.S. 725, 733 (1993). A lack of personal jurisdiction defense is "forfeited" if not timely asserted. *Swaim v. Moltan Co.*, 73 F.3d 711, 718 & n. 4 (7th Cir.1996); *See also Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999) (where a litigant's inaction is deemed to incur the consequence of loss of a right or a defense, the term "forfeiture" is more appropriate).

While the passage of time alone is generally not sufficient to indicate forfeiture of a procedural right, the time period provides the context in which to assess the significance of the defendant's conduct, both the litigation activity that occurred and the opportunities to litigate the

---

[1] Magistrate Crews reasonably contemplates why Plaintiff did not provide a copy of the Business Agreement to the Court. The Business Agreement is not a written contract, but is an oral agreement with various emails and text messages to support its existence and terms. Such documents would have been produced through the discovery process.

jurisdictional issue that were forgone. *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir.1998) ("Most defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation."). For example, in *Hamilton*, the court found the defendant forfeited his right to raise jurisdictional issues where defendant participated in pretrial proceedings but never moved to dismiss for lack of personal jurisdiction despite several clear opportunities to do so during the four-year interval after filing its answer. *Hamilton*, 197 F.3d at 61.

Likewise, here, Snyder filed a procedurally deficient answer and subsequently participated in a pretrial status conference that addressed the substantive merits of the case and substantive motions filed by Plaintiff. Defendants have had ample opportunity to raise jurisdictional issues, as the Complaint was filed in July 2019. Nevertheless, Snyder consciously and intentionally chose to disobey a Court order to hire counsel for his company, Defendant AFS-TT, LLC and actively forfeited his right to raise the defense of lack of personal jurisdiction. Rewarding Snyder for flouting the Court's orders and wasting both the Court's and Plaintiff's time for two years would be flawed public policy, incentivizing defendants to engage in similar dilatory tactics, only to be rewarded for their bad faith. Even *pro se* litigants must meet certain standards, including "respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989).

    **C.**    **Defendants Waived any Right to Contest Personal Jurisdiction.**

Alternatively, in lieu of forfeiture, Defendants have waived any defense of lack of personal jurisdiction. The requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly, and the actions of the nonresident defendant may amount to a legal submission to the jurisdiction of the court. U.S.C.A. Const. Amend. 5. A defendant may

6

implicitly waive a lack of personal jurisdiction defense if the defendant: (i) actively participates in the case and (ii) waits a significant period after filing the answer to submit a motion to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2),(h); *Fabara v. GoFit, LLC*, 308 F.R.D. 380 (D.N.M. 2015), as amended (Aug. 20, 2015). The actions of the defendant may amount to a legal submission to the jurisdiction of the court." *Days Inns*, 445 F.3d at 905; *see also* Fed. R. Civ. P. 12(h)(1) (stating that "[a] party waives any defense listed in Rule 12(b)(2)–(5)," including the defense of lack of personal jurisdiction, by "failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading.").

Here, Defendants waived any defense of lack of personal jurisdiction by filing an answer that failed to raise the issue. Regardless of whether Defendants' answer was procedurally sufficient, Defendants knew enough to file a responsive pleading, and did so without raising any defenses except for an argument that Plaintiff's claims were "harassment." [CM/ECF #7]. Defendants even knew to file their answer with this Court. Defendants' lack of knowledge and understanding of the rules does not negate their obligations to follow the rules, and Plaintiff should not be prejudiced by the court granting Defendants an incredible lifeline in denying the Motion two years after this case began.

In addition, "[A] personal[-]jurisdiction defense may be waived if a defendant gives a plaintiff a reasonable expectation that he will defend the suit on the merits or where he causes the court to go to some effort that would be wasted if personal jurisdiction is subsequently found lacking." *Hedeen Int'l, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016).

Here, this Court has discretion to exercise personal jurisdiction over Defendants, as Snyder informed the Court at the Status Conference that he intended to hire counsel when the court dismissed Defendants' answer and ordered a new responsive pleading deadline. Thereafter, Snyder

engaged in a short email exchange with undersigned counsel concerning court-ordered deadlines and a request to consent to Magistrate Crews' jurisdiction over this case. Plaintiff relied on those communications to the Court and to counsel to continue to pursue the case. Meanwhile, Snyder made no objection to personal jurisdiction - he simply chose not to follow the rules of civil procedure or adhere to the Court's orders.

In addition, Defendants[2] have now wasted two years of the Court's time. See *Maxwell v. Vertical Networks, Inc.*, No. 03 C 5715, 2005 WL 950634, at *12 (N.D. Ill. Mar. 18, 2005) ("[T]he more time the parties spend in litigation, the greater the likelihood that personal jurisdiction may have been waived."). Primarily, Defendants have wasted this Court's time and waived the defense by participating in the December 10, 2019 status conference. While the Recommendation notes that the Status Conference was not a hearing "involving substantive procedural issues or addressing aspects of the merits of the case," Plaintiff disagrees. [CM/ECF #33, at p. 14].

The "ORDER *Setting Status Conference*" dated November 12, 2019 [CM/ECF #15], the Court stated, in relevant part that, "The parties should be prepared to discuss Plaintiff's [CM/ECF #9] Motion to Strike and for Entry of Default. The Court may issue a ruling on this motion at the Conference." During the Status Conference, the Court did in fact rule on substantive motions that addressed the merits of the case, including Plaintiff's Motion to Strike and for Entry of Default [CM/ECF #16]. Participation in this substantive hearing invoked the litigation machinery enough to waive Defendants' right, or at the very least, Snyder's right, to assert a lack of personal jurisdictional defense. *See White v. Christian*, 474 F. Supp. 3d 1196 (D. Colo. 2020) (defendant did not waive personal jurisdiction defense when only participated in *mandatory, non-substantive* pre-trial proceedings) (emphasis added). At the Status Conference, the Court entered orders on the

---

[2] Or at least Snyder, personally.

record, and provided Defendants with substantial information about how to obtain counsel and ample time to file a responsive pleading compliant with the Federal Rules of Civil Procedure.

In *Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, the court held that the defendant did not "engage in conduct that would have wasted this Court's resources in the event that personal jurisdiction were found lacking, as the Court has made no substantive rulings prior to this one." *Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, 451 F. Supp. 3d 881, 888–89 (N.D. Ill. 2020); *see also Am. Patriot*, 364 F.3d at 888 (finding that the defendants were not "testing the wind, for the district court made no rulings until it dismissed the suit; and by the same token the delay in pleading improper venue caused no wasted motion *889 by the court").

### D.    This Court Should Not Have, *Sua Sponte*, Asserted a Defense of Lack of Personal Jurisdiction on Defendants' Behalf.

Plaintiff further contends that the Court should not have raised the issue on Defendants' behalf, *sua sponte*. A district court can raise an affirmative defense *sua sponte* when a valid affirmative defense is so plain from the face of the complaint that the lawsuit can be regarded as frivolous. *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009). A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (cited by *Sayyed v. Six Churches*, No. 17-CV-01259-GPG, 2017 WL 7156296 (D. Colo. June 29, 2017), aff'd, 705 F. App'x 770 (10th Cir. 2017). A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed. *Neitzke*, 490 U.S. at 327. A claim is factually frivolous if it depicts "fantastic or delusional scenarios," *id*. at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Here, Plaintiff's claims are neither legally nor factually frivolous. Plaintiff presented a reasonable, rational, and factually supported argument for the recovery of monies and in-kind

9

contributions provided by Plaintiff to Defendants for a prospective business venture. Moreover, a substantial part of the events giving rise to this case occurred in Colorado. Plaintiff is a Colorado citizen and conducts his business activities from Colorado. The business venture contemplated by the parties involved, in part, the processing and packaging of crops grown on Plaintiff's ranch in Colorado. Additionally, all communications from Snyder related to the matters involved in this case were directed to Plaintiff in Colorado. Communications to a party located in Colorado may be sufficient to establish personal jurisdiction under Colorado's Long Arm Statute. See *In re Parental Resps. of H.Z.G.*, 77 P.3d 848 (Colo. App. 2003) (In paternity action, Colorado court had personal jurisdiction over nonresident father where father sent mother letter for the purpose of assisting her in obtaining public assistance and Medicaid benefits in Colorado on behalf of the child). Finally, as set forth above, additional facts exist to support that this Court has jurisdiction over the parties, including that Snyder visited Colorado in 2015 to meet with Plaintiff.

### E. Snyder Made a General Appearance at the Status Conference.

Lastly, Snyder's appearance at the Status Conference constitutes a general appearance. If a party by his actions recognizes that he is in court for the purpose of defending on the merits, he has entered a "general appearance." *Johnson & Gould v. Joseph Schlitz Brewing Co.*, 28 F. Supp. 650 (E.D. Tenn. 1939); *see also Leonardi v. Chase Nat. Bank of City of New York*, 81 F.2d 19, 20 (2d Cir. 1936) (A general appearance is entered whenever the defendant invokes the judgment of the court in any way, on any question other than the court's jurisdiction without being compelled to do so by previous rulings of the court sustaining jurisdiction.). Here, Snyder made a general appearance at the status conference where he discussed his answer, and attempted to assert Defendants' defenses, albeit in an improper forum, that the complaint against him was meritless

and was simply a form of harassment. At no point during that general appearance did Snyder raise jurisdictional issues.

## CONCLUSION

Defendants have forfeited or waived any right to a defense of lack of personal jurisdiction by filing an answer, however procedurally deficient, and failing to raise the defense at that time. Defendants have also participated in this case, at least at a minimum threshold sufficient to waive or forfeit such a defense, by causing Plaintiff to believe that Defendants would participate in the litigation, and by wasting the Court's time over a period of multiple years as the Court considered and ruled on multiple substantive motions, including a Motion to Strike and multiple motions for entry of default and/or default judgment. [CM/ECF #16, 21, 29]. Should this Court adopt the Recommendations and deny the Motion, this Court would materially prejudice Plaintiff, who has articulated "a short and plain statement" of facts as required by Fed. R. Civ. P. 8(a)(2) to support an both this Court's jurisdiction and an award of monetary damages, while contemporaneously rewarding Defendants for their obstinate and willful disregard of the procedural process and Court orders.

**WHEREFORE**, Plaintiff Jobadiah Weeks respectfully requests that this Court enter an Order granting the Motion for Entry of Default Judgment, or in the alternative, grant Plaintiff an opportunity to present additional evidence concerning this Court's personal jurisdiction over Defendants.

Respectfully submitted this 19th day of July, 2021.

*s/ Nadav Aschner*
Nadav Aschner, Esq.
THE RODMAN LAW GROUP, LLC
600 S. Cherry St., Ste. 835
Denver, CO 80246
Ph: 720-663-0558

11

Fax: 720-663-0558
Em: nadav@therodmanlawgroup.com
*Attorneys for Plaintiff Jobadiah Weeks*