**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 1:19-cv-02133-RMR-SKC

JOBADIAH S. WEEKS,

Plaintiff,

v.

STEVEN M. SNYDER et al.,

Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge, ECF No. 33, entered July 6, 2021, addressing Plaintiff's Motion for Entry of Default Judgment ECF No. 30, under Federal Rule of Civil Procedure 55(b)(2), filed January 18, 2021. Magistrate Judge S. Kato Crews recommends that the Motion for Default Judgment be denied because the Court lacks personal jurisdiction over Defendants. *See* ECF No. 33 at 1, 16.

On July 19, 2021, Plaintiff timely filed his Objections to Recommendation of United States Magistrate Judge, ECF No. 34, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The Court has received and considered the Recommendation, along with the record and Plaintiff's Objections. After de novo consideration, the Court OVERRULES Plaintiff's Objections, ECF No. 34, and ADOPTS the Recommendation, ECF No. 33. Accordingly, Plaintiff's Motion for Default Judgment,

ECF No. 30, is DENIED, and this case is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction.

## I. BACKGROUND

The factual and procedural history of this case is fully laid out in the Recommendation. *See* ECF No. 33 at 1–5. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Accordingly, the Court re-states the factual background only to the extent necessary to address Plaintiff's Objections.

On July 25, 2019, Plaintiff filed a Complaint against Defendants Steven M. Snyder and AFS-TT, LLC ("AFS"), a Florida limited liability company, seeking recovery of monies and "in-kind contributions" provided by Plaintiff to Snyder for a prospective business venture. ECF No. 1 ¶ 4. The Complaint brought claims for conversion against both Defendants, breach of contract against Defendant Snyder, quantum meruit against Defendant Snyder, unjust enrichment against Defendant AFS, and accounting against Defendant Snyder. *Id.* ¶¶ 19–39.

Defendants were personally served in Florida on August 13, 2019. *See* ECF Nos. 5–6. On August 29, 2019, Defendant Snyder sent a letter (the "Letter") to the Court, which stated that he found the Complaint "unfounded" and considered it a form of "harassment." ECF No. 7. On October 2, 2019, Plaintiff filed a motion to strike Defendant's Letter and for entry of default. ECF No. 9. On November 22, 2019, the Court set a status conference and admonished Defendants to appear and that Defendant AFS must be represented by an attorney. ECF No. 15. Defendant Snyder appeared at a status conference on

December 10, 2019, during which the Court granted Plaintiff's motion to strike Defendant's Letter but denied Plaintiff's motion for entry of default; gave Defendant Snyder a deadline to move for appointment of pro bono counsel; and gave both Defendants additional time to respond to the Complaint. ECF No. 33 at 4. However, after the status conference, no appearance was ever entered on behalf of either Defendant, and neither Defendant answered nor otherwise responded to the Complaint.

On October 9, 2020, following two additional deficient motions for entry of default, *see* ECF Nos. 19, 21, 22, 25, Plaintiff successfully moved for entry of default against Defendants, ECF No. 27, and the Clerk of the Court entered default against Defendants on October 14, 2020, ECF No. 29. On January 18, 2020, Plaintiff filed his Motion for Default Judgment, ECF No. 30, and on July 6, 2020, Magistrate Judge Crews issued his Recommendation on Plaintiff's motion, ECF No. 33. On July 19, 2021, Plaintiff filed his Objections to the Recommendation. ECF No. 34.

## II. LEGAL STANDARDS

### A. Standard of Review

This Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 626(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been

properly objected to."); *see United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

**B. Personal Jurisdiction**

The test for personal jurisdiction "begins with two questions." *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (Gorsuch, J.). First, "whether any applicable statute authorizes the service of process on defendants." *Id.* Second, "whether the exercise of such statutory jurisdiction comports with constitutional due process demands." *Id.* Here, "Colorado's long-arm statute . . . confers the maximum jurisdiction permissible consistent with the Due Process Clause. Thus, . . . the first, statutory, inquiry effectively collapses into the second, constitutional, analysis." *Id.* (citation omitted); *see also Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002).

For personal jurisdiction to comport with the Fourteenth Amendment, the defendant "must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov*, 514 F.3d at 1070–71 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts exist if the court has either general jurisdiction or specific jurisdiction over the defendant. *See Bristol-Myers Squibb Co. v. Superior Ct. Cal.*, 137 S. Ct. 1773, 1779–1780 (2017). Plaintiff does not allege that Defendants' Colorado

contacts satisfy the general jurisdiction standard, so only specific jurisdiction is at issue. *See* ECF No. 1 ¶ 6; ECF No. 30 at 4; ECF No. 34 at 2–5.

A court cannot exercise specific jurisdiction over a defendant if the defendant did not "'purposefully direct[]' its activities at residents of the forum state." *Dudnikov*, 514 F.3d at 1071 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). In particular, "in contract cases, [courts] sometimes ask whether the defendant 'purposefully availed' itself of the privilege of conducting activities or consummating a transaction in the forum state." *Id.* "[T]he . . . aim of 'purposeful direction' doctrine has been said by the Supreme Court to ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state." *Id.* (quoting *Burger King*, 471 U.S. at 475).

## III. ANALYSIS

Here, Plaintiff disagrees with the Recommendation for three reasons. First, Plaintiff argues that his "Complaint contains sufficient factual allegations to support that this Court has jurisdiction over Defendants." ECF No. 34 at 2–5. Second, Plaintiff argues that "Defendants forfeited or implicitly waived their rights to contest personal jurisdiction" by, among other things, appearing at the December 10, 2019 status conference (which Plaintiff argues was a "general appearance"), without raising issues regarding personal jurisdiction. *Id.* at 2, 5–9, 10–11. Third, Plaintiff argues that "the Court should not, *sua sponte*, determine that it lacks personal jurisdiction over Defendants who have not raised the issue for multiple years." *Id.* at 2, 9–10. None of these arguments carry the day.

**A. The Sufficiency of the Jurisdictional Allegations**

Plaintiff urges this Court to find he properly pled his case. Failing that, he offers additional information that he wants the Court to consider in deciding his Motion for Default Judgment. Each issue is addressed below.

**1. The Complaint's Jurisdictional Allegations**

Rule 8(a)(1) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support." Fed. R. Civ. P. 8(a)(1). As such, Plaintiff argues that he "was [not] required to[] recite every fact available to [him] to support that this Court has jurisdiction over Defendants," ECF No. 34 at 3, and he has met the pleading standard.

As the Recommendation notes, once default is entered against a defendant, the plaintiff's well-pleaded factual allegations are deemed true for purposes of entering default judgment. *See* ECF No. 33 at 5 (citing *Deery Am. Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007) (Nottingham, J.)); *see also Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) (quoting *Jackson v. FIE Corp.*, 302 F.3d 515, 525 (5th Cir. 2002)) ("[A] [d]efendant by his default, admits the plaintiff's well-pleaded allegations of fact, is precluded from challenging those facts by the judgment, and is barred from contesting on appeal the facts thus established."). "However, even in default, a defendant is not prohibited from challenging the legal sufficiency of the admitted factual allegations. The judgment must be supported by a sufficient basis in the pleadings." *Tripodi v. Welch*, 810 F.3d 761, 765

(10th Cir. 2016) (citing *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010)).  The Court finds here that, even assuming that Plaintiff's allegations were properly pled under Rule 8 and even accepting them as true and admitted by Defendants, the admitted factual allegations in the Complaint are not legally sufficient to confer personal jurisdiction.

The allegations in the Complaint that are pertinent to the Court's determination of its personal jurisdiction over Defendants include the following:

> [A] substantial part of the events giving rise to this case occurred in Colorado.  Weeks is a Colorado citizen and conducts his business activities from Colorado.  The business venture contemplated by the parties involved, in part, the processing and packaging of crops grown on Weeks' ranch in Colorado.  Additionally, all communications from Snyder related to the matters involved in this case were directed to Weeks in Colorado.

ECF No. 1 ¶ 6, *quoted in* ECF No. 33 at 10.  Plaintiff further describes the "Business Agreement" allegedly reached between the parties as follows:

> In October 2017, Weeks and Snyder initiated discussions concerning the purchase of various "softgel encapsulation" equipment and materials to manufacture sofgel [sic] nutritional supplements as part of a business venture between Weeks and Snyder.
>
> An agreement was ultimately reached between Weeks and Snyder that Weeks would provide the funds and in-kind contributions for softgel encapsulation equipment and other business related expenditures, that the equipment would be shipped to Texas, and that Snyder would periodically travel to Texas to operate the machine as part of the venture (the "Business Agreement").

*Id.* ¶¶ 7–8. Plaintiff also alleges that he made the following trips in attempts to carry out the business venture with Defendant Snyder:

> Snyder told Weeks that he would meet him in Tampa, Florida on March 6, 2019 to discuss the status of their business venture.  Although Weeks flew to Tampa for the March 6, 2019 meeting, Snyder failed to show up for the scheduled meeting and ignored Weeks' communications.

> Snyder subsequently offered an excuse for missing the March 6, 2019 meeting and told Weeks that he would meet him in Tampa on March 23, 2019 to discuss the status of the business venture.
>
> Weeks again traveled to Tampa for the March 23, 2019 meeting. Although Weeks went to Snyder's home, Snyder hid inside and refused to answer the door. Weeks then went to the location where the business equipment was located to find the equipment gone and that the locks had been changed.

*Id.* ¶¶ 15–17.

These allegations are not sufficient to confer personal jurisdiction over Defendants for the same reasons stated in the Recommendation and for the reasons stated below. The Supreme Court has held that a "plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* To establish personal jurisdiction, Plaintiff offers little more than allegations that Defendants entered into a contract with him. However, "the law is clear that a party does not submit itself to personal jurisdiction in a distant forum simply by entering into a contract with a party that resides in that forum." *SGI Air Holdings II LLC v. Novartis Int'l, AG*, 192 F. Supp. 2d 1195, 1201 (D. Colo. 2002) (Brimmer, C.J.) (citing *Ruggieri v. Gen. Well Serv., Inc.*, 535 F. Supp. 525, 535 (D. Colo. 1982) (Kane, J.)); *see also Bristol-Meyers Squibb*, 137 S. Ct. at 1783 ("The bare fact that [Bristol-Myers Squibb ('BMS')] contracted with a California distributor is not enough to establish personal jurisdiction in the State."); *Klein Frank, P.C. v. Girards*, 932 F. Supp. 2d 1203, 1212 (D. Colo. 2013) (Brimmer, C.J.) ("Generally, an individual's contract with an out-of-state party cannot, standing alone, establish sufficient minimum contacts with the forum state.").

Although Plaintiff alleges that "all communications from Snyder related to the matters involved in this case were directed to Weeks in Colorado," ECF No. 1 ¶ 6, "it is [also] well-established that 'phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts.'" *Klein Frank*, 932 F. Supp. 2d at 1214 (quoting *Far W. Cap., Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995)); *see also Aurora Bank, FSB v. Seattle Bank*, No. 13-cv-00725-CMA-KLM, 2013 WL 5716515, at *3 (D. Colo. Oct. 21, 2013) (Arguello, J.) ("[E]xchanging communication in furtherance of [a] contract does not necessarily create sufficient contacts to justify the exercise of specific personal jurisdiction."). "Even in cases where the defendant enters the forum state to discuss some details of the contract, personal jurisdiction has not been found." *SGI Air Holdings II*, 192 F. Supp. 2d at 1201 (citing *Associated Inns & Rest. Co. v. Dev. Assocs.*, 516 F. Supp. 1023, 1206 (D. Colo. 1981) (Kane, J.)).

Furthermore, a "contract relied upon to establish minimum contacts must have a 'substantial connection' with the forum state." *TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.*, 488 F.3d 1282, 1288 (10th Cir. 2007) (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)). Although Plaintiff alleges that the parties discussed a business venture that "contemplated . . . in part, the processing and packaging of crops grown on Weeks' ranch in Colorado," ECF No. 1 ¶ 6, courts must examine "the terms of the contract and the parties' actual course of dealing." *Burger King*, 471 U.S. at 479. Here, as Plaintiff notes, the Court is not able to review the final terms of the Business Agreement because "[t]he Business Agreement is not a written contract, but is an oral agreement with various emails and text messages to support its existence and terms," which Plaintiff has not

provided to the Court. ECF No. 34 at 5 n.1. Therefore, the Court cannot conclude that the parties' discussions contemplating "processing and packaging of crops grown on Weeks' ranch in Colorado," *see* ECF No. 1 ¶ 6, were actually incorporated into the contract terms.

Furthermore, Plaintiff does not allege that he processed or packaged crops grown on his ranch in Colorado in the parties "actual course of dealing." *See Burger King*, 471 U.S. at 479; *see also Bristol-Meyers Squibb*, 137 S. Ct. at 1777–78, 1782 (holding that California courts lacked specific personal jurisdiction over claims brought by mostly non-California residents against BMS regarding its prescription drug Plavix where "BMS did not develop Plavix in California, did not create a marketing strategy for Plavix in California, and did not manufacture, label, package, or work on the regulatory approval of the product in California" but "BMS d[id] sell Plavix in California . . . and took in more than $900 million from those sales"). In the absence of allegations that the actual contract terms or the parties' course of dealings had a "substantial connection" with Colorado, the Court cannot find that the mere "contemplat[ion]" of a business venture involving crops grown on Plaintiff's Colorado ranch established sufficient minimum contacts for personal jurisdiction over Defendants.[1]

---

[1] The remaining allegations in the Complaint regarding the parties' course of dealings discuss contacts with Texas and Florida, not Colorado. *See* ECF No. 1 ¶ 8 ("[T]he equipment would be shipped to *Texas*, and that Snyder would periodically travel to *Texas* to operate the machine as part of the venture.") (emphasis added); *id.* ¶¶ 15–17 ("Snyder told Weeks that he would meet him in *Tampa, Florida* on March 6, 2019 to discuss the status of their business venture. . . . Snyder subsequently . . . told Weeks that he would meet him in *Tampa* . . . . Weeks again traveled to *Tampa*.") (emphasis added); *see also Klein Frank*, 932 F. Supp. 2d at 1214 ("Because Klein Frank solicited defendants to represent a client in Texas, defendants' communications with Klein Frank create only an 'attenuated' affiliation with Colorado.").

The allegations in the Complaint, accepted as true and admitted by Defendants upon their default, do not demonstrate sufficient minimum contacts to establish the Court's personal jurisdiction over Defendants here. Because Plaintiff "does not allege sufficient facts to show that defendants purposely availed themselves of the benefits and protections of Colorado, it necessarily fails to state a prima facie case for the Court to exercise specific personal jurisdiction." *See Klein Frank*, 923 F. Supp. 2d at 1216. "Therefore, the Court will not address whether the exercise of personal jurisdiction over defendants would offend traditional notions of fair play and substantial justice." *See id.*

**2. Additional Jurisdictional Allegations**

Plaintiff provides additional information about the business venture at issue here in two forms: first, he has filed an affidavit in support of his Objections to the Recommendation, *see* ECF No. 30-1 ¶¶ 5–6, 9; second, he proffers information in his Objections to the Recommendation that is neither alleged in the Complaint nor sworn to in any affidavit, *see* ECF No. 34 at 4–5. The Court addresses each of these additional forms of jurisdictional allegations, in turn.

First, Plaintiff's affidavit does not support personal jurisdiction over Defendants. According to the affidavit, Plaintiff and Defendant Snyder entered into an agreement in 2017, under which, *inter alia*, they would incorporate an entity called Great Soft Gels Inc. in *Nevada*, which would own equipment that would be shipped to *Texas*, and Plaintiff would periodically travel to *Texas* to operate that equipment. ECF No. 30-1 ¶ 5. In addition, according to Plaintiff's affidavit, he and Defendant Snyder ordered machinery that was delivered to Defendant Snyder in *Florida*. *Id.* ¶¶ 6, 9. On a motion for entry of

default judgment, "the court accepts the undisputed facts set forth in the affidavits and exhibits." *Dall. Buyers Club, LLC v. Cordova*, 81 F. Supp. 3d 1025, 1032 (D. Colo. 2015) (Daniel, J.) (citing *Deery*, 2007 WL 437762, at *3). However, accepting as true Plaintiff's sworn statements here only supports the conclusion that Defendants contemplated contacts with Nevada, Texas, and Florida and does not establish minimum contacts with Colorado. *See, e.g.*, *Klein Frank*, 932 F. Supp. 2d at 1214 ("Because Klein Frank solicited defendants to represent a client in Texas, defendants' communications with Klein Frank create only an 'attenuated' affiliation with Colorado.").

Second, Plaintiff proffers information in his Objections that not only is neither alleged in the Complaint nor stated in affidavits, but also, admittedly contradicts the Complaint. *See* ECF No. 34 at 4–5.[2] However, at this stage, the Court must accept the allegations in the Complaint as true. *See Olcott*, 327 F.3d at 1125. Therefore, the Court need not accept bald statements to the contrary in Plaintiff's Objections.[3]

In addition to the above information that flatly contradicts the Complaint, Plaintiff also raises new information in his Objections that he has alleged in no prior pleading.

---

[2] While the Complaint alleges that, "In October of 2017, [Plaintiff] and Snyder initiated discussions concerning the purchase of various 'softgel encapsulation' equipment and materials . . . as part of a business venture," the parties first met and discussed the business venture well before 2017. . . . October 2017 was the first time the parties discussed the purchase of the specific machinery subject to this action, but, perhaps more notably for this Court's adjudication of the Motion, Snyder flew to Colorado in 2015 to meet Plaintiff to generally discuss the business venture referenced in the Complaint.

ECF No. 34 at 4–5.

[3] Even if the Court were to accept the information regarding Snyder's alleged 2015 visit to Colorado as true, "in cases where," like here, "the defendant enters the forum state to discuss some details of the contract, personal jurisdiction has not been found." *SGI Air Holdings II*, 192 F. Supp. 2d at 1201.

*See* ECF No. 34 at 4–5.[4] However, "[p]arties may not raise in their objections any novel arguments that they did not raise before the magistrate judge. Such arguments are deemed waived." *Gilbert v. U.S. Olympic Comm.*, 423 F. Supp. 3d 1112, 1125 (D. Colo. 2019) (Arguello, J.); *see also Marshall v. Chater*, 75 F.3d 1421, 1427 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").[5] Therefore, the Court will not consider the new information raised in Plaintiff's Objections.

### B. Forfeiture, Waiver, and the Court's Ability To Address Personal Jurisdiction *Sua Sponte*

In his Motion for Default Judgment, Plaintiff argued that "[b]efore granting a motion for default judgment, the Court must take several steps," including "[f]irst, . . . ensur[ing] that it has personal jurisdiction over the defaulting defendant." ECF No. 30 at 2 (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986)). Now, in his Objections to the Recommendation, Plaintiff argues the opposite—that the Court may not

---

[4] Plaintiff and Snyder previously engaged in a similar business venture with a company called Green Fence, LLC ("Green Fence"), a CBD manufacturing company located in Denver, Colorado. The business venture referenced in the Complaint was a direct outgrowth of the Green Fence transaction and could not have taken place without Snyder's presence in Colorado. While in Colorado, Snyder and Plaintiff discussed the business venture referenced in the Complaint, and thereafter, the parties formally negotiated the Business Agreement. Subsequently, Snyder and AFS-TT used Plaintiff's money to purchase cannabidiol (CBD) oil from Colorado, and shipped it to Tampa Bay, FL for processing, utilizing the machinery that Plaintiff also paid for.

ECF No. 34 at 4–5 (emphasis in original).

[5] Furthermore, as noted above, *supra* Section II.A., "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060; *see also* 28 U.S.C. § 626(b)(1); Fed. R. Civ. P. 72(b)(3). Plaintiff also states that he "has additional facts to support personal jurisdiction, and is prepared to brief the Court or engage in an evidentiary hearing to share the same." ECF No. 34 at 5. However, this vague statement is not specific enough to warrant the Court's de novo review, and the Court finds that neither the submission of additional evidence, pursuant to 28 U.S.C. § 626(b)(1) and Rule 72(b)(3), nor an evidentiary hearing is warranted here.

consider *sua sponte* whether it has personal jurisdiction over Defendants here and that Defendants waived or forfeited the right to benefit from that affirmative defense.  *See* ECF No. 34 at 5–11.

Plaintiff was correct the first time.  "[B]efore entering judgment by default against a party who has not appeared in the case," a "district court *must* determine whether it has jurisdiction over the defendant." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (emphasis added); *see also Williams*, 802 F.2d at 1203 ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court *has an affirmative duty to look into its jurisdiction* both over the subject matter and the parties.") (emphasis added).  Therefore, the Tenth Circuit held in *Williams* that "a district court may not inquire into its personal jurisdiction and dismiss a case *sua sponte except when entering a default judgment*."  802 F.2d at 1202–03 (emphasis added).  In fact, "[a] default judgment in a civil case is void if there is no personal jurisdiction over the defendant." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011).  Hence, Plaintiff's argument that the Court acted improperly in raising the issue of personal jurisdiction *sua sponte* is meritless and contradicts his own Motion for Default Judgment.  *See* ECF No. 30 at 3–4.

Plaintiff also argues that Defendant Snyder both forfeited and waived[6] the right to contest personal jurisdiction.[7] However, Plaintiff's waiver and forfeiture arguments are unavailing in the context of his present motion for default judgment. The Tenth Circuit has held that "[i]n reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment." *Williams*, 802 F.2d at 1203. Hence, the Court must independently assess whether it can exercise personal jurisdiction over Defendants in deciding a motion for default judgment, regardless of whether and how Defendants may have failed to raise the defense of lack of personal jurisdiction. *See Crowder v. Whalen*, 133 F.3d 932 (10th Cir. 1998) (citing *Dennis Garberg & Assocs.*, 115 F.3d at 771–72) (affirming the district court's adoption of the magistrate judge's recommendation to deny the entry of default judgment; rejecting the argument that "the [defendant] waived its right to object to lack of personal jurisdiction because that defense was not raised in its first pleading"; and "agree[ing] with the district court that the court had an obligation to examine its own jurisdiction over the parties before considering Crowder's default motion"). Hence, whether Defendants waived or forfeited the defense of lack of personal

[6] As Plaintiff notes, "[w]aiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

[7] Plaintiff argues that Defendant forfeited and waived the ability to contest personal jurisdiction by filing a "procedurally deficient" answer "that failed to raise the issue"; by subsequently participating in the December 10, 2019 status conference, which Plaintiff characterizes as a "general appearance"; by then "cho[o]s[ing] to disobey a Court order to hire counsel for his company"; by failing to take any opportunity to raise jurisdictional issues; and by "giv[ing] . . . [P]laintiff a reasonable expectation that [Defendants] will defend the suit on the merits or . . . caus[ing] the court to go to some effort that would be wasted if personal jurisdiction is subsequently found lacking." ECF No. 34 at 6–8, 10 (quoting *Hedeen Int'l, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016)).

jurisdiction does not affect the Court's independent obligation to review its ability to exercise personal jurisdiction over Defendants in deciding a motion for default judgment.

## IV. CONCLUSION

For the reasons stated above, the Court OVERRULES Plaintiff's Objections to Recommendation of United States Magistrate Judge, ECF No. 34, and ACCEPTS AND ADOPTS the Recommendation of United States Magistrate Judge S. Kato Crews, ECF No. 33. Accordingly, Plaintiff's Motion for Entry of Default Judgment, ECF No. 30, is DENIED, and this case is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction.

DATED: December 10, 2021

BY THE COURT:

________________________________
REGINA M. RODRIGUEZ
United States District Judge